ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: AKRON THERMAL, LIMITED PARTNERSHIP and AKRON THERMAL COOLING, LLC, | CASE NO. 5:10CV0953 |
| Debtors and Debtors-in-Possession. | JUDGE JOHN R. ADAMS<br><br>MEMORANDUM OF OPINION AND ORDER |
| DAVID WEHRLE, | |
| Appellant, | |
| v. | |
| CITY OF AKRON,, | |
| Appellee. | |

This action is before the Court upon an appeal by David Wehrle, in his capacity as trustee of the Creditors' Trust (the "Trust") created pursuant to the Second Amended Plan of Reorganization (the "Plan") for Akron Thermal, Limited Partnership ("ATLP") Dated July 14, 2008, from an order of the bankruptcy court entered in *In re Akron Thermal, Limited Partnership*, Case No. 09-54101-mss.[1]

On March 15, 2010, the bankruptcy court entered an Order denying the motion of the Trust for an order authorizing David Wehrle, Trustee of the Creditors' Trust (the "Trustee"), derivative standing to pursue causes of action against the City of Akron (the "City") on behalf of the ATLP bankruptcy estate (the "Motion"). *See* Opinion and Order Denying Motion for

---

[1]This is the third appeal to this Court arising from orders of the bankruptcy court entered in two bankruptcy cases. *See City of Akron v. Akron Thermal, Limited Partnership*, Case No. 5:09CV0601 (Adams, J.) and *Wehrle v. City of Akron*, Case No. 5:09CV2930 (Dowd, J.).

Derivative Standing (Doc. 1-2). The bankruptcy court's decision to deny the Motion was based on its finding that in February 2009, the City accepted a $2,541,103.09 payment (the "Payment") tendered by the ATLP bankruptcy estate pursuant to the Plan.

The Sixth Circuit has stated that a creditor may be granted derivative standing to initiate an avoidance action if the following conditions are met: "1) a demand has been made upon the statutorily authorized party to take action; 2) the demand is declined; 3) a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court; and 4) the inaction is an abuse of discretion ("unjustified") in light of the debtor-in-possession's duties in a Chapter 11 case." *Canadian Pacific Forest Prod. Ltd. v. J.D. Irving, Ltd.* (*In re Gibson Group, Inc.*), 66 F.3d 1436, 1446 (6th Cir. 1995) ("*Gibson Group*").

The Trustee sent a letter to counsel for ATLP demanding that ATLP, as debtor-in-possession, pursue turnover and avoidance actions against the City to recover the Payment. ATLP declined to pursue the actions, stating that although it "believes the claims . . . are colorable, since the primary beneficiary . . . of those claims would be the Trust and because the Trust has indicated a willingness to do so, we believe the Trust is the . . . appropriate party to [pursue those claims and] incur the cost of the action." Doc. 126 at Ex. B in Case No. 09-54101-mss.

The bankruptcy court found "ATLP is not required to pursue lengthy and costly litigation based on the sliver of hope embedded in a series of obtuse and highly unlikely claims." Doc. 1-2 at 6. It also found that "the Trustee's claims are not colorable" as set forth in the Trustee's draft complaint "[b]ecause the underlying proposition that the City did not accept the Payment is not colorable." *Id.* at 6 n. 4 and 10.

"When a district court acts as an appellate court as it does in a bankruptcy proceeding, it reviews the bankruptcy court's factual findings under the clearly erroneous standard, and its conclusions of law de novo." *Conway v. Nusbaum*, 109 Fed. App'x 42, 43 (6th Cir. 2004) (citing *Hardin v. Caldwell* (*In re Caldwell*), 851 F.2d 852, 857 (6th Cir. 1988); Fed. R. Bankr. P. 8013 (findings of fact "shall not be set aside unless clearly erroneous"). With respect to factual issues "[c]lear error will lie only when the reviewing court is left with the definite, firm conviction that a mistake has been made." *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005).

Having carefully reviewed the record, the applicable law and the parties' briefs, and entertained oral argument, this Court adopts the bankruptcy court's thorough and well-reasoned Opinion and Order Denying Motion for Derivative Standing Memorandum of Opinion that correctly sets out the facts and includes citations to the relevant statutes and caselaw. This Court therefore relies on that decision. Because this Court's issuance of an opinion would serve no jurisprudential purpose and would be duplicative, the Court will not enter a full opinion. I write, however, to briefly comment on one of the arguments presented by the appeal.

At issue in this case is whether the City accepted the Payment tendered by the ATLP bankruptcy estate pursuant to the Plan when the City indorsed the check, deposited the proceeds in the City's account, and the check was thereafter cleared and paid to the City by the drawee bank. Rather than place the Payment into its general funds, the full amount of the deposit was initially "disbursed into a separate and segregated non-operating fund" of the City. *See* Affidavit of Cynthia M. Donel (Doc. 12 at 33-34 in Case No. 5:09CV0601). In support of his argument that the City had not accepted the tendered Plan payment, the Trustee cites one sentence from the City's brief to this Court opposing dismissal of the first appeal that provides "[t]he City did not

3

accept payment, rather, its request to stay the Plan's effectiveness was denied." Appellant's Brief in Opposition (Doc. 12) at 23 in Case No. 5:09CV0601.  This Court previously stated it "affords little weight to the fact that the City has held its funds separately."  Order (Doc. 14 at 5 in Case No. 5:09CV0601).   The arguments of the Trustee in the within appeal do not change this conclusion.  Sometime after this Court dismissed the first appeal in part on June 17, 2009 (but before the two remaining "non-moot" issues had been ruled upon), the City removed the $2,541,103.09 from the segregated account.

Funds are accepted when a check is paid by the drawee bank.  The Court concludes that once the check to the City from the ATLP bankruptcy estate was paid, the underlying obligation pursuant to the Plan was discharged.  Ohio Rev. Code § 1303.39(B)  (UCC Section 3-310(b)) provides in pertinent part:

> Unless otherwise agreed and except as provided in division (A) of this section, if a note or an uncertified check is taken for an obligation, the obligation is suspended to the same extent the obligation would be discharged if an amount of money equal to the amount of the instrument were taken . . . .

"[N]egotiating a check and retaining the proceeds constitutes acceptance of the check." *Mon-Rite Const. Co., Inc. v. Northeast Ohio Regional Sewer Dist.*, 20 Ohio App.3d 255, 259 (Ohio App. 1984) (citing *Hudson v. Yonkers Fruit Co.*, 258 N.Y. 168, 171, 179 N.E. 373, 374 (1932)).  Accordingly,

The bankruptcy court's ruling to deny the Motion is AFFIRMED.


IT IS SO ORDERED.


| July 27, 2010 | */s/ John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |